#### No. 294

HERBERICH CO., et al v. KING, et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1226. Decided April 4, 1927

**704. LAND CONTRACTS—When company holds money of plaintiff to be paid to third party when he transfers land contract, said third party being in default for payments thereon; and the company knows that the holder of the land contract had not complied with the agreement to transfer; but nevertheless**

pays over to him plaintiff's money, it is liable for same.

First Publication of this Opinion

PER CURIAM.

This action was originally instituted by Peter and Margaret King in the Summit Common Pleas against the Herberich-Hall-Harter Co. to recover $1500 and interest from Sept. 22, 1920 on an oral contract for moneys had and received on a land contract, pending the closing of the sale. A verdict was returned for the Kings for the full amount and interest, upon which judgment was rendered.

Error was prosecuted and the principal contention by the Company seems to be over the question as to whether or not there is evidence to prove that those acting for the Company and with whom the alleged agreement was made, were authorized to make such agreement; whether or not the Company's attorney acted on its behalf, and whether or not the third amended petition stated a cause of action. The Court of Appeals held:

1. In a former error proceeding between these same parties, this court held that the third amended petition stated facts sufficient to constitute a cause of action and remanded the case for further proceedings.

2. The record shows that the persons with whom King dealt with were officers or employees of the Company, and that the assistant sales manager who had charge of the whole matter told him that the whole matter had been placed in the hands of Mr. Fairall, attorney for the Company.

3. Testimony by the assistant sales manager, that the company had money paid to it by the Kings and it would hold same until the difficulty concerning the transfer of the land contract to be assumed by the Kings was satisfactorily adjusted, stands uncontradicted.

4. When the company acknowledged that it had the money paid to it by King and promised to hold same until one Wood had performed under the arrangement, it was but performing its duty toward King, and even though some of the money had been wrongfully paid to Wood, it was an acknowledgment of the Company's duty to King and promise to perform it and was binding upon the company both in good morals and in law.

5. Evidence tends to show that the land contract which Wood claimed to own and which the Kings were to assume as part of his contract was not transferred to said Wood as late as July 6, 1920, and long after all of said moneys had been paid out by the Company.

6. Thus, the company's representatives knew that Wood had not complied with his part of the contract with the Kings and that he was unable to do so because he was in default for monthly payments on the contract which the Kings were to assume.

7. There being no prejudicial error to the Company, and the verdict not being manifestly against the weight of the evidence.

Judgment affirmed.

(Washburn, PJ., and Funk & Pardee, JJ., concur.)

Attorneys—Herberich, Burroughs & Bailey for Company; Nelan & Walsh and Mather, Nesbitt & Willkie for Kings; all of Akron.